W. Vincent Grady, J.
Defendant, Department of Health of Orange County, moves for an order striking the cross claim of the defendant, Alexander Krasnitz, M.D., as being inconsistent with the common law of the State of New York or upon the ground that it is an independent claim or in the alternative for an order striking from the cross claim any allegations referring to the duty of the defendant County of Orange to defend the defendant Krasnitz pursuant to section 50-d of the General Municipal Law and for a further order that in the event the court permits the cross complaint to stand, pursuant to CPLR 603 ordering a severance of the trial of the issues raised by the cross complaint.
The moving defendant’s contention that section 50-d of the General Municipal Law does not obligate the municipality to defend the physician is without merit. A statutory indemnification arises by operation of section 50-d, and the active-passive negligence dichotomy has no application. As the court held in Derlicka v. Leo (281 N. Y. 266, 268): “ the liability which existed at common law may still be enforced by action against the physician, but the physician would have a right to insist that in accordance with the statute he be saved harmless by the municipal corporation.”
The moving defendant also contends that since the codefendant physician does not have a cause of action for indemnification against the county until there is a judgment against him, he may not be held harmless. Section 50-d of the General Municipal Law imposes ultimate liability for all damages for personal injuries sustained by reason of the malpractice of a physician or dentist upon the municipal corporation. The physician’s cross claim herein is not based on the common-law right of indemnity but on the statutory indemnification under section 50-d which obligates a municipality to save the physician harmless. Although the statute is silent as to whether saving the physician harmless includes providing a defense for him, the statutory indemnification does not except legal costs, interest and disbursements. There is not involved here the interpretation of an agreement where there is a hold harmless clause that does not provide for a duty to defend (cf. Roman Catholic Church of Holy Name of Mary at Valley Stream v. Ryan Contr. Corp., 208 N. Y. S. 2d 110). Inasmuch as the statute imposes a duty upon a municipality to assume the liability for damages for personal injuries alleged to have been sustained by a person by reason of the malpractice of a physician, it follows that a municipality also has the duty to defend the physician.
*310 The severance of the trial of the issues raised by the cross complaint is unwarranted in view of the failure of the moving defendant to disclaim in the moving papers its obligation to indemnify and hold harmless the defendant Krasnitz.
Accordingly, the motion is denied in all respects.